Judge F. A. Hume and Isaac Robertson, for Bradley and Moerlein.

James E. Neal, for Davidson.

Thomas & McClung, for lienholders.

Stephen Crane, for general creditors of Curtis.

---

233                    MUNICIPAL ASSESSMENTS.

[Hamilton Circuit Court, November Term, 1892.]

Cox, Smith and Swing, JJ.

*JOHN. K. GREEN v. CINCINNATI (CITY).

WANT OF PERSONAL SERVICE OF PASSAGE OF RESOLUTION MAY NOT BE FATAL.

Under the provisions of sec. 2304, Rev. Stat., when it is deemed necessary by a city or village to make certain public improvements, it would seem that personal service of the passage of the preliminary resolution should be made, and by a person authorized to serve the same. But when such written notice is sent by mail by a person so authorized, to such owner, addressed to him at a post-office in the county in which such owner resides, and at which he sometimes receives his mail matter, and such notice is actually received by him in due time, and more than twenty days before any further action is taken by the city or village in regard to such improvement, this would seem to be sufficient; but if not, the failure to give the personal notice is not so far jurisdictional as to make any future proceedings in regard thereto, void as to such person. The case would then come under the provisions of the curative statute, section 2289, as a "technical irregularity and defect," and in such case the property should only be held liable for so much of the assessment levied thereon as may be found to be just and equitable.

Appeal from the Court of Common Pleas of Hamilton county.

SMITH. J.

The plaintiff seeks to enjoin the collection of an assessment, made by the city authorities on certain property of his, lying on the south side of West Sixth street, under the granite paving act. Several grounds are alleged in the petition why the assessment is invalid, but at the hearing in the court, but one is relied upon, viz, that the written notice of the passage of a resolution by the city council, declaring the necessity of such improvement, was not given to him as is required by sec. 2304, Rev. Stat.

It appears in evidence that Mr. Green is a resident of Hamilton county, his home being on a farm near to Montgomery. He has an office in Cincinnati, where he transacts business, and at which he receives a part of his mail matter. The postoffice at Montgomery is that at which he usually receives his mail, not addressed to him at Cincinnati, and he considers that his postoffice. The station at which Mr. Green takes the cars on the B. & O. railroad to come to the city, is Remington, which is about 1½ miles from his residence. At this station was a postoffice, in or near the station house at the time in question, and kept by

*This decision is followed by the same court in Schmidt v. Elmwood Place, 8 Circ. Dec., 113,

the station agent, and quite frequently mail matter would come to this office for Mr. Green, and the postmaster would hand it to him when he was at the station, though he did not consider this his postoffice.

When the officer of the city, appointed to serve this notice upon him, called at Mr. Green's place of business in the city to do so, he did not find him, but was then told that if it was sent to him by mail to Remington, it would reach him, and thereupon the notice was enclosed in an official envelope, addressed to Mr. Green at Remington, and placed in the postoffice of this city. On the envelope was a direction in the usual form, that if it was not delivered in ten days, that it was to be returned to the sender. It was not so returned. Mr. Green testifies that he has no recollection of having received the notice, but admits he may have done so, and that it made no impression upon his mind.

It is the claim of the counsel for the plaintiff that it is incumbent upon the city to show that personal service of the notice was made upon Mr. Green, and that even if it was sent by mail, and was actually received by him, that this would not be a compliance with the terms of the statute, and was a nullity, and that as a consequence, the personal service being a jurisdictional fact, all that was done by the city, in so far as Mr. Green is concerned, was wholly without authority, and that he or his lot cannot be held liable for the assessment attempted to be made against it by the city for paving the street in front of it.

We are of the opinion, First—That under the provisions of section 2304, which requires, that "when it is deemed necessary by a city or village to make a public improvement, the council shall declare by resolution the necessity of such improvement, and shall give twenty days written notice of its passage to the owners of the property abutting upon the improvement, or to the persons in whose names it may be assessed for taxation upon the tax duplicate, who may be residents of the county," that personal service of such notice must be made by a person duly authorized to make the same. And that this is necessary, not merely for the purpose of putting on the owner the duty of presenting a claim for damages within the time limited by the statute, but that he may have notice of the improvement that he may be heard in regard thereto, as to other matters. And that if notice is not given according to law, he may avail himself thereof in resisting the proceedings or assessment, if subsequently made.

Second—We are further of the opinion that the return of the officer appointed to serve this notice, that it was served on John K. Green, by mail to Remington, Ohio, June 14, 1888, was not such a service as made the original with such return thereon, verified by the affidavit of the officer, or a verified copy thereof, *prima facie* evidence of the legal service of such notice; but, that the burden was on the city, in order to sustain the assessment, to show that due and legal notice was given to Mr. Green.

Third—But we incline strongly to the belief that if the notice so sent by the officer was in fact received by Mr. Green within a few days after it was so sent, and in time to advise him of the proceedings before further action was taken by the municipal authorities, that this would be a substantial compliance with the provisions of the law; and that he can not dispute the validity of the assessment on the ground that he had not been personally notified. And we think that in this case the evidence does show with reasonable certainty, that he did receive the notice.

Fourth—But if these conclusions be incorrect, still we think that a failure to serve the notice in strict conformity with the provisions of the section referred to, and where the owner of the property in fact received from the officer authorized to serve it, a notice in due form, and at such time as gave him opportunity to assert all of his legal rights, is not so far jurisdictional as to make all future proceedings in the case void as to such person. It then would come under the provisions of the curative statute, section 2289, as a "technical irregularity or defect." And in such case the property should only be held liable for so much of the assessment levied thereon, as may be found to be just and equitable. Upington v. Oviatt, 24 O. S., 232. In this case it is denied that the amount of the

ssessment on the lot of Mr. Green is the real cost and value of the work done, or r which the property should have been assessed if the proceedings had been gular as to him, and the correct amount if he, under the facts in the case, is liable r any amount, and the case is continued for hearing as to this point. But in ew of all the facts we find that the city should pay all of the costs in the case.

Wm. M. Ampt, for plaintiff.

Mr. Galvin, Ass't City Solicitor, for defendant.